Filed 8/20/24  Garcia v. Arreola CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ELSA GARCIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODOLFO ARREOLA,<br><br>    Defendant and Appellant. | B333148<br><br>(Los Angeles County<br>Super. Ct. No. LD050064) |

    APPEAL from a judgment and order of the Superior Court of Los Angeles County, Marilyn M. Mordetzky, Commissioner. Remanded with directions.

    Law Offices of Grace White and Grace White for Defendant and Appellant.

    No appearance for Plaintiff and Respondent.

## INTRODUCTION AND BACKGROUND

Appellant Rodolfo Arreola and respondent Elsa Garcia were married for six years and nine months. After a trial on May 15, 2023, the trial court entered a judgment of dissolution (the judgment). The judgment states the "only community property [assets] are the proceeds from the sale of [the] family residence . . . which are currently held in trust by [Garcia's attorneys]." The court ordered as follows: (1) "[T]he $30,000 judgment in case number 18STLC08420 is [Arreola's] separate debt"; (2) "[T]he $30,000 relocation assistance for Aileen and Bryan Arreola is [Arreola's] separate debt"; (3) "[Arreola's] portion of the proceeds [of the sale of the residence] is $41,559.30"; and (4) "[Arreola] was given notice of Family Code Section 271 sanctions and is ordered to pay sanctions in the amount of $5,000 to [Garcia's attorneys]."

Arreola filed a request for order (RFO) based on his belief that the trial court made a mathematical error in calculating his portion of the proceeds from the sale of the family home. He contended that, based on his calculations, he is entitled to $66,455.15, not $41,559.30 as the court ordered. The trial court denied the RFO, stating the court "does not find a change of circumstance with the Judgment."

Arreola timely appealed.

## DISCUSSION

On appeal, Arreola reasserts the arguments he made in support of his RFO regarding the alleged miscalculation of his portion of the proceeds from the family home. He does not argue the trial court erred in determining his separate debt totals $60,000. Nor does he argue the court erred by ordering him to

2

pay $5,000 in sanctions. Rather, his sole argument is the trial court simply miscalculated his portion of the proceeds from the sale of the family home. Arreola explains that the escrow report shows the property was sold for $550,000 and, after deductions, the proceeds were $203,118.61. He claims that the $30,000 in relocation assistance was part of those deductions and thus, subtracting $30,000 from his portion of the proceeds *again* constitutes improper double-counting.

As noted above, the trial court denied the RFO based on a failure to show changed circumstances. But Arreola's argument is not that the judgment should be modified based on changed circumstances. Rather, it is premised on an alleged mathematical miscalculation. On the record before us, however, we cannot tell whether the trial court did, as Arreola contends, miscalculate his portion of the proceeds. We do not have a reporter's transcript, and the judgment does not show why or how the trial court concluded Arreola's share of the proceeds is $41,559.30. We therefore remand the matter to the trial court to determine if it miscalculated Arreola's portion of the proceeds from the sale of the home based on its findings after trial.

## DISPOSITION

The matter is remanded to the trial court to recalculate the amount Arreola is entitled to receive from the proceeds of the family home to determine whether the amount ordered in the judgment ($41,559.30) is consistent with its findings after trial. Arreola is to bear his own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

COLLINS, J.

ZUKIN, J.

4